IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARTHUR ANDERSEN LLP )<br>ROBERT E. ALLGYER, )<br>WALTER CERCAVSCHI, and )<br>EDWARD G. MAIER, )<br>)<br>Defendants. )<br>) | No. 01 1348<br><br>**FILED**<br>JUN 1 9 2001<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## FINAL JUDGMENT AS TO DEFENDANT ARTHUR ANDERSEN LLP

Plaintiff Securities and Exchange Commission (the "Commission") having commenced this action by filing its Complaint (the "Complaint"), and defendant Arthur Andersen LLP ("Andersen"), in the attached Consent of Defendant Arthur Andersen LLP ("Consent"), having entered a general appearance, having admitted the jurisdiction of this Court over it and over the subject matter of this action, having waived the filing of an answer to the Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having waived any right it may have to appeal from the entry of this Final Judgment as to Defendant Arthur Andersen LLP ("Final Judgment"), and without admitting or denying the allegations of the Complaint except as to jurisdiction, which it admits, and without trial, argument or adjudication of any issue of fact or law, having consented to the entry of this Final Judgment, and it further appearing that this Court has jurisdiction over Andersen and the subject matter of the action, and the Court being fully advised in the premises:

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant Andersen, its agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from:

(a) directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of a national securities exchange by:

(1)  employing any device, scheme, or artifice to defraud,

(2)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3)  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Andersen pay $7,000,000 to the United States Treasury pursuant to Section 21(d)(3) of the Securities Exchange Act of 1934 (15 U.S.C. §78u(d)(3)). Defendant shall satisfy this obligation by paying $7,000,000 within 10 business days to the Comptroller of the Commission, together with a letter specifying that payment is made pursuant to this Judgment. Defendant shall

2

simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. The Commission shall forward such funds to the U.S. Treasury.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

**SO ORDERED**, this 19th day of June, 2001.

_____
UNITED STATES DISTRICT JUDGE

3