IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 01 1348 |
| ) | |
| ARTHUR ANDERSEN LLP ) | |
| ROBERT E. ALLGYER, ) | |
| WALTER CERCAVSCHI, and ) | **FILED** |
| EDWARD G. MAIER, ) | |
| ) | JUN 1 9 2001 |
| Defendants. ) | |
| ) | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT ROBERT E. ALLGYER

Plaintiff Securities and Exchange Commission (the "Commission") having commenced this action by filing its Complaint (the "Complaint"), and defendant Robert E. Allgyer ("Allgyer"), in the attached Consent of Defendant Robert E. Allgyer ("Consent"), having entered a general appearance, having admitted the jurisdiction of this Court over him and over the subject matter of this action, having waived the filing of an answer to the Complaint, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, having waived any right he may have to appeal from the entry of this Final Judgment of Permanent Injunction and Other Relief as to Defendant Robert E. Allgyer ("Final Judgment"), and without admitting or denying the allegations of the Complaint except as to jurisdiction, which he admits, having consented to the entry of this Final Judgment, and it further appearing that this Court has jurisdiction over Allgyer and the subject matter of the action, and the Court being fully advised in the premises:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant Allgyer, his agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from:

(a) directly or indirectly, violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §77q(a)] by, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly,

(1) employing any device, scheme or artifice to defraud,

(2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser; and

(b) directly or indirectly, violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of a national securities exchange by:

(1) employing any device, scheme, or artifice to defraud,

(2)  making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3)  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Allgyer pay a civil penalty of $50,000 pursuant to Section 20(d) of the Securities Act of 1933 (15 U.S.C. §77t(d)) and Section 21(d)(3) of the Securities Exchange Act of 1934 (15 U.S.C. §78u(d)(3)). Defendant shall satisfy this obligation by paying $50,000 within 10 business days to the Comptroller of the Commission, together with a letter specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. The Commission shall forward such funds to the U.S. Treasury.

## III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

**SO ORDERED**, this 14th day of June, 2001.

_____
UNITED STATES DISTRICT JUDGE